IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: John A. Adams | * Case No. 99-5-0705-SD |
| | * (Chapter 7) |
| * * * * * * * | * Adv. No. 99-5276-SD |
| JOHN A. ADAMS | * |
| v. | * Civil Action No. WMN-00-1322 |
| COUNCIL, BARADEL, KOSMERL & NOLAN, P.A. | * |

**MEMORANDUM**

This is an appeal from a decision of the United States Bankruptcy Court for the District of Maryland, finding debt of attorney's fees, which were in the nature of support, to be nondischargeable pursuant to 11 U.S.C. § 523(a)(5). The relevant facts are as follows.

On July 7, 1995, Appellant and his wife, Ms. Crawford (formerly Ann Adams), were granted a divorce by the Circuit Court for Anne Arundel County. During all divorce, and later enforcement proceedings, Ms. Crawford was represented by Appellee. As part of the divorce proceedings, Appellant was ordered to pay $32,000[1] of Ms. Crawford's attorney's fees. This award was made pursuant to the Family Law Article of the Maryland Code, § 12-103, which evaluates the financial status and need of each party as well as the justification for bringing or defending

---

[1] The total attorney's fees incurred during the divorce proceedings was $42,000.



the proceeding. The payments were to be made directly to Ms. Crawford in monthly installments of $666.[2] Following the original Order, Ms. Crawford was forced to bring two separate enforcement actions as a result of Appellant's failure to pay alimony and child support as ordered by the Circuit Court. In each of these actions, additional attorney's fees awards, in the amount of $810 and $9,000 respectively, were granted. Appellant made no payments as to any of these awards.

On January 15, 1997, at the suggestion and request of Appellee, Ms. Crawford assigned her right to the attorney's fees to Appellee. In exchange for the assignment, Ms. Crawford received a dollar for dollar credit against her account with Appellee and was relieved of all liability as to the amount of the assignment.

On January 20, 1999, Appellant filed his petition for Chapter 7 bankruptcy protection, seeking a discharge of his debts, including the attorney's fees which were awarded to Ms. Crawford and assigned to Appellee. On March 15, 1999, Appellee filed its Complaint to Determine Dischargeability of Debt (Attorney's Fees in the Nature of Support), arguing that the fees were nondischargeable pursuant to 11 U.S.C. § 523(a)(5). This

---

[2] Appellant was also ordered to make monthly payments to Ms. Crawford for the following: $1,000 for alimony, $3,300 in child support, and, for a period of one year, one-half of the monthly mortgage payment.

provision prevents a debtor from discharging in bankruptcy any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce or other order of a court of record . . . ."  Appellant opposed the complaint on several grounds, including that: section 523(a)(5) was inapplicable because the fees were neither in the nature of alimony, maintenance or support, nor were they paid directly to a spouse or ex-spouse; and, section 523(a)(5)(A)'s assignment exception served to render the fees dischargeable.

The Bankruptcy Court, Judge Derby, held a hearing on the matter.  At the conclusion of the February 10, 2000, hearing, the Bankruptcy Court found that the three attorney's fees awards at issue were not dischargeable pursuant to section 523(a)(5).  On February 11, 2000, Judge Derby signed an Order to that effect. In response to the February 11, 2000 Order, Appellant filed a Motion for Reconsideration, which was denied by the Bankruptcy Court on March 23, 2000.

Appellant then filed his Appeal with this Court.  In his appeal, Appellant argues that the Bankruptcy Court erred in concluding that the award of attorney's fees, which had been assigned to Appellee, was nondischargeable.  This Court reviews conclusions of law de novo.  In re Bulldog Trucking, 147 F.3d 347, 351 (4th Cir. 1998).

Appellant first contends that the Bankruptcy Court failed to bar relief for unclean hands when the debt was obtained as a result of a fraudulent conveyance and preferential transfer. Appellant Brief at 10-13. According to Appellant, the transfer was fraudulent because Appellee possessed the actual fraudulent intent to hinder, delay and defraud Ms. Crawford's creditors. Id. at 11-12. In the alternative, Appellant argues that the Appellee possessed constructive fraudulent intent because Ms. Crawford was insolvent, there was a lack of consideration and Appellee lacked good faith. Id. at 12-13. Appellant also argues that Appellee has "unclean hands" because Appellee, through the assignment, was granted a preference over other creditors. Id. at 11.

Taking Appellants last argument first, aside from bankruptcy or insolvency statutes, preferences are not per se fraudulent. Long v. Dixon, 201 Md. 321, 324 (1953). Here, there is no evidence that Ms. Crawford ever filed bankruptcy. Therefore, Appellee was not granted a preference over other creditors - especially in light of the fact that no payments had been, or were being, made on the debt.

As for the fraudulent transfer argument, Maryland Commercial Law, § 15-204, states that every conveyance made by a person who is or will be rendered insolvent by it is fraudulent as to creditors without regard to his actual intent, if the conveyance is made without fair consideration. Section 15-203 specifies that fair consideration is given if, in exchange for the property

4

or obligation, as a fair equivalent for it and in good faith, an antecedent debt is satisfied. "Where a conveyance is valid on its face, the burden of proof is upon the party attacking the conveyance to show either (1) that it was not made upon good consideration, or (2) that it was made with a fraudulent intent on the part of the grantor to hinder, delay or defraud his creditors, and that this intent was know to or participated in by the grantee." <u>Fick v. Perpetual Title Company</u>, 115 Md. App. 524, 540 (1997). Appellant fails to meet this burden.

There is no doubt that fair consideration was given in exchange for the assignment. Appellee has stated that Ms. Crawford received a dollar for dollar credit against her bill with Appellee. Appellee Brief at 4,7. This has not been disputed by Appellant.

Appellant next attacks the "good faith" requirement and asserts that Appellee lacked good faith. The Court is somewhat astonished by this attack given that, in a period of over four years, Appellant failed to make any payments towards this award and also failed to honor his obligations as imposed by the Circuit Court in the divorce decree. In fact, had Appellant been making regular payments, the assignment would have been unnecessary as Ms. Crawford would not have faced the added expense and problems of collecting on the judgment. Additionally, some of Ms. Crawford's financial problems might have also been averted by Appellant's timely payments of all monies owed to her. Given this history, it appears, to the

Court, that at least part of Appellee's motivation might have been to remove the burden of collection from Ms. Crawford and to clear the way for Appellee to seek more harsh means of collection. Additionally, the good faith requirement generally applies primarily to the grantor, here, Ms. Crawford. In this case there is no evidence that Ms. Crawford acted in anything but good faith.

The Court is, likewise, unpersuaded by Appellant's characterization of Appellee's intent as one to hinder, delay or defraud Ms. Crawford's creditors. In this instance no payment had been made toward the amount owed. Therefore, there was no income stream which might have been attached by other creditors. Additionally, Appellant is unable to establish an equally fraudulent intent on the part of the grantor, Ms. Crawford, which is required under the <u>Fick</u> analysis.

The irony of Appellant's argument is that if the transfer is deemed to be fraudulent, then one option would be to have the transfer set aside. <u>See</u> Md. Comm. Law § 15-209. If this is done then the attorney's fees are clearly nondischargeable as the debt is then paid directly to the spouse and the assignment exception is inapplicable.

Appellant's next contention is that the Bankruptcy Court erred in deeming the debt nondischargeable as it was not in the nature of alimony, maintenance or support, nor was it owing to the former spouse, as required by 11 U.S.C. § 523(a)(5).

Under 11 U.S.C. § 523 (a)(5), no discharge is permitted to

an individual debtor from any debt to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record. According to Appellant, the plain wording of the statute makes this debt dischargeable because it is not necessary to support Ms. Crawford and it is not owing directly to Ms. Crawford. The Court disagrees.

As to the "not in the nature of alimony, maintenance and support" argument, Federal law, not state law, determines what is within this definition for section 523(a)(5) purposes. In re Daumit, 25 B.R. 371, 372 (Bankr. D. Md. 1982). In so doing, a majority of the courts, including the Fourth Circuit, have found that attorney's fees arising from a divorce are in the nature of alimony, maintenance, and support. In re Silansky, 897 F.2d 743, 744 (4th Cir. 1990); Daumit, 25 B.R. at 373. See, e.g., In re Spong, 661 F.2d 6 (2d Cir. 1981); In re Sposa, 31 B.R. 307, 310 (Bankr. E.D. Va. 1983); In re Lang, 11 B.R. 428, 430-31 (Bankr. W.D.N.Y. 1981); In re French, 9 B.R. 464, 468 (Bankr. S.D. Cal. 1981). This is in part due to the fact that an award of attorney's fees may be essential to a spouse's ability to sue or defend or enforce a matrimonial action. Spong, 661 F.2d at 9.

In this case all of the fees awarded pertained to issues regarding alimony, child support, child custody or maintenance, or the enforcement of such court ordered payments. Therefore, this Court agrees with the Bankruptcy Court's conclusion that the

attorney's fees awards are in the nature of alimony, maintenance or support.

Appellant next argues that the fees should be dischargeable because they are not paid directly to Ms. Crawford. Case law, however, supports the proposition that the identity of the payee is not determinative. Instead, the question is whether the payments fall into the "support" category, as they do here. See In re Blaemire, 229 B.R. 665, 668 (Bankr. D. Md. 1999); Silansky, 897 F.2d at 744. See also Spong, 661 F.2d at 10 (stating that it is a well established principle of bankruptcy law that dischargeability must be established by the substance of the liability rather than its form). This is a view clearly supported by Bankruptcy Judge Derby, see Hearing Transcript at 71-74, and by this Court.

Appellant's final argument is that the Bankruptcy Court erred in its failure to declare the debt dischargeable as provided under section 523(a)(5)(A). That section provides that an otherwise nondischargeable debt in the nature of alimony, maintenance or support is dischargeable when such debt is assigned to another entity. Appellant, again, relies on a plain language argument. See Appellant Brief at 15. In further support, Appellant claims that the Fourth Circuit, in In re Silansky, would have rendered the debt dischargeable if it had found an assignment. Id. at 18. The Court does not dispute this contention. However, Silansky is distinguishable in that the assignment at issue there would have been to the bankruptcy

8

trustee, not the attorney.  See Silansky, 897 F.2d at 744.

Finally, Appellant claims that this Court should overturn Daumit and, instead, follow the Missouri Bankruptcy Court's ruling in In re Mozingo, 153 B.R. 276 (Bankr. W.D. Mo. 1993), which held that a debt for attorney's fees which has been assigned is dischargeable.  The Court is unpersuaded given that a Missouri ruling has no precedential value in Maryland, and given that this District has lived with the Daumit ruling for over 18 years.  Therefore, as Judge Derby stated, it should not be overturned lightly, see Hearing Transcript at 72 - especially given that the Fourth Circuit has had ample opportunity to set a different precedent but has failed to do so.  See Silansky; In re Magill, 1994 WL 416425 (4th Cir. 1994) (unpublished).[3]  Instead, the cases in this District support the proposition that the assignment clause under 523(a)(5)(A) does not pertain to the assignment of counsel fees by a spouse to her attorney.  Congress' purpose was not to deter all assignments, but only those made to state welfare agencies.  Daumit, 25 B.R. at 373. See also Spong, 661 F.2d at 10.

This view also has appeal from a common sense perspective, as, otherwise, form would triumph over substance and awards directly to an attorney would not be dischargeable while those that are originally to the ex-spouse and then assigned would be

---

[3] The Court realizes that unpublished opinions have no precedential value.  The Court, however, believes that the Magill opinion is illustrative of the Fourth Circuit's approval of Daumit as the Fourth Circuit could easily have used Magill to set a new precedent.

9

dischargeable. <u>See</u> Hearing Transcript at 74. <u>See also</u> <u>Silansky</u>, 897 F.2d at 744 (holding that when fees are paid directly to an attorney they are a nondischargeable debt under 11 U.S.C. § 523(a)(5)).

Public policy also favors this conclusion, but not because, as Appellant would have us believe, it "protects attorneys." <u>See</u> Appellant Reply Brief at 16. Instead, this conclusion ensures that both parties to a divorce or custody dispute will have equal access to adequate legal representation - and that the financially disadvantaged spouse will not have to endure possible years and years of trying to collect on any court ordered legal fees. Instead, that spouse can assign her claim directly to the law firm or attorney, who can accept the assignment without worry that it will be discharged in a bankruptcy proceeding.

A separate order consistent with this memorandum will issue.

_____
William M. Nickerson
United States District Judge

Dated: October 23, 2000